J-S88020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HARRY C. ROSER | : | |
| | : | |
| Appellant | : | No. 1533 EDA 2016 |

Appeal from the PCRA Order May 4, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s):  CP-15-CR-0002577-2014

BEFORE:  OLSON, J., RANSOM, J., and STRASSBURGER, J.*

MEMORANDUM BY RANSOM, J.:  **FILED FEBRUARY 14, 2017**

Appellant Harry C. Roser appeals *pro se* from the order granting PCRA counsel leave to withdraw under **_Turner/Finley_**[1] and dismissing Appellant's petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  We affirm in part, reverse in part, and vacate the underlying judgment of sentence in part.

The relevant facts and procedural history are as follows.  On June 1, 2014, Appellant was pulled over for driving onto a cement median, endangering the safety of emergency personnel responding to a fatal

_____

*Retired Senior Judge assigned to the Superior Court.

[1] **_Commonwealth v. Turner_**, 544 A.2d 927 (Pa. 1988); **_Commonwealth v. Finley_**, 550 A.2d 213 (Pa. 1988)

accident, and almost striking a police officer. **See** Notes of Testimony (N.T.), 4/21/2015, at 6-8. Appellant "showed many signs of intoxication, including slurred speech, bloodshot, glassy eyes, he stumbled and after denying drinking, ultimately admitted to drinking a fifth of vodka." N.T., 6/17/2015, at 42-43. Appellant told officers he was too intoxicated to complete sobriety tests and did not attempt to do so. **See** N.T., 4/21/2015, at 7. Appellant's blood alcohol content was 0.300%. **See** Affidavit of Probable Cause, 6/10/2014.[2] On April 21, 2015, following a full written and oral colloquy, Appellant pleaded guilty to driving under the influence (DUI) with highest rate of blood alcohol content (BAC .16%+), second offense. **See** Guilty Plea Colloquy, No. 2577-2014, 4/21/2015 ("Colloquy").[3]

At sentencing, the Commonwealth asked the court specifically for an upward departure from the sentencing guidelines in light of the risk Appellant posed to the community. **See** N.T., 6/7/2015, at 3. According to the pre-sentence investigation report, Appellant was serving probation for his prior DUI at the time of the incident, and this was Appellant's "seventh

---

[2] Appellant was charged with: (1) driving under the influence (DUI) with highest rate of blood alcohol content (BAC .16%+) (second offense), (2) careless driving through an emergency response area onto a concrete medium in disregard for the safety of persons or property, (3) failing to drive within a single lane on roadways laned for traffic, and (4) failing to reduce speed for safety while passing an emergency vehicle response area. **See** Criminal Compl., No. 62-14-0040, at 3-4. 75 Pa.C.S. §§ 3802(c), 3714(a), 3309(a)(1), 3327(a)(2), respectively.

[3] **See** 75 Pa.C.S. § 3802(c).

lifetime DUI." *Id.* at 2. Appellant's ex-girlfriend testified at the sentencing hearing. *See* N.T., 6/17/2015, at 12-16.[4] Appellant was sentenced to two and one-half to five years of imprisonment. *See id.* at 43-44.

Appellant filed a motion for reconsideration on June 26, 2015, which the court denied on the same day. Motion for Reconsideration of Sentence, 6/26/2015; Order, 6/25/2015. Appellant failed to file an appeal. Instead, Appellant *pro se* filed a PCRA Petition on December 7, 2015. *See* Motion for Post-Conviction Collateral Relief, 12/7/2015, at 2, 4. PCRA counsel was appointed on December 17, 2015. PCRA counsel later submitted a *Turner/Finley* letter indicating that Appellant's claims lacked arguable merit and moved to withdraw as counsel in February 2016.[5] Trial Ct. Op.,

---

[4] Appellant received his two most recent DUIs driving to see his ex-girlfriend when she explicitly asked him not to come over. *See* N.T., 6/17/2015, at 24-25. She could not tolerate his harassment because he constantly called and emailed her, despite her explicit rejections. She testified that he sent her hundreds of inappropriate emails; one stated that he tampered with his ankle transmitter, and in another he admitted to drinking exorbitant amounts of alcohol. *See id.* at 12-16. According to girlfriend, he posted a 'vile' tweet on her twitter account that could have damaged her professional reputation. *See id.* at 24-30. She had to change her phone number and feared for the safety of her children, whom she had to take into the basement when Appellant threatened to make unwelcome visits. *See id.*

[5] Following receipt of counsel's *Turner/Finley* letter, Appellant *pro se* filed a series of correspondence with the court, altering the substance of his original collateral claims, asserting the discovery of new evidence, alleging PCRA counsel's ineffectiveness, and moving for the PCRA judge to recuse. *See* PCRA Ct. Order, 5/4/2016, at 2 ("Footnote Order"). As Appellant was still represented, the PCRA court properly forwarded this correspondence to appointed counsel. *See Commonwealth v. Padilla*, 80 A.3d 1238, 1259
*(Footnote Continued Next Page)*

7/28/2016, at 2.

In March 2016, the PCRA court issued notice of intent to dismiss Appellant's petition without an evidentiary hearing pursuant to Pa.R.Crim.P. 907. **See** Rule 907 Notice, 3/22/2016 (finding "no issues concerning any material fact"). On May 4, 2016, the court dismissed Appellant's petition and granted counsel's request to withdraw from his representation. **See id**.

Appellant timely appealed. The PCRA court issued a responsive opinion incorporating its earlier Footnote Order. **See** PCRA Ct. Op., 5/28/2016. On appeal, Appellant *pro se* raises the following issues:

> Whether trial counsel was ineffective for not arguing or raising the issues below and whether these issues were properly addressed in my PCRA, subsequent filings, and in PCRA counsel's 'no merit' letters.
> 1. Were my due process rights violated at my sentencing?
> 2. Did the sentencing court err when it allowed the introduction of extrinsic acts and the testimony of a non-victim, 'negative' character witness at the sentencing proceedings?
> 3. Was my DUI sentence, specifically it's conditions, legal?
> 4. Did the PCRA court err in dismissing the PCRA without an evidentiary hearing on:
>    a. Exculpatory evidence withheld by the Court and the District Attorney's Office.
>    b. After 'ambush' testimony of two witnesses regarding phone calls.

*(Footnote Continued)* ───────────

(Pa. 2013); Pa.R.Crim.P. 576(A)(4); PCRA Ct. Op., 7/28/2016, at 2. Further, under our rules of criminal procedure, purported amendments to pending PCRA petitions require court permission, else they are subject to waiver. **Commonwealth v. Mason**, 130 A.3d 601, 627 (Pa. 2015) (rejecting a claim raised by petitioner "outside of a court-authorized PCRA petition"); **see** Pa.R.Crim.P. 905(A). Accordingly, to the extent Appellant attempted to modify his claims or assert new ones we deem them waived.

      c. Ineffective counsel at sentencing.
      d. Performance and misrepresentations of appointed PCRA counsel.

Appellant's Br. at 2.

As to the merits of Appellant's brief, preliminarily we observe:

[A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. *Id.*; Commonwealth v. Lyons, 833 A.2d 245 (Pa. Super. 2003).

*In re Ullman*, 995 A.2d 1207, 1211–12 (Pa. Super. 2010).

While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that Appellant is not entitled to any particular advantage because he lacks legal training. **Commonwealth v. Rivera**, 685 A.2d 1011, 1013 (Pa. Super. 1996). Appellant's brief falls well below the standard for presenting the statement of issues. **See** Pa.R.A.P. 2116. His argument consists of a 'stream of consciousness,' referencing Appellant's version of the facts and matters unrelated to the issues presented in his PCRA petition. Further, he fails to develop any meaningful argument regarding his claim of ineffective assistance of counsel or cite any authority to support his claims, risking waiver of all of his issues. **See** Pa.R.A.P. 2118. Accordingly, we could suppress Appellant's brief and dismiss his appeal on this basis. **See Ullman**, 995 A.2d at 1212; **Commonwealth v. Adams**, 882 A.2d 496, 497-98 (Pa. Super. 2005) (laying out the standard forms that appellate briefs shall follow); **see also** Pa.R.A.P. 2111(a)(1)-(11); Pa.R.A.P.

2114-2119 (specifying in greater detail the material to be included in briefs on appeal). Even though Appellant's brief is nearly unintelligible, we recognize that he is *pro se*. In all fairness to Appellant, we will conduct a brief review to explain why his issues are devoid of merit.

Our standard of review of an order denying a PCRA petition is to determine whether the findings of the PCRA court are supported by the record and free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). This Court gives deference to the PCRA court's findings unless there is no support for them in the certified record. **Commonwealth v. Brown**, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing **Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

Under the PCRA, ineffective assistance of counsel is a discrete legal ground for a collateral appeal. **See** 42 Pa.C.S. § 9543(a)(2)(ii); **Commonwealth v. Collins**, 888 A.2d 564, 570 (Pa. 2005). To establish ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence: "(1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission." **Commonwealth v. Johnson**, 966 A.2d 523, 533 (Pa. 2009) (citing **Commonwealth v. Pierce**, 786 A.2d 973, 976 (Pa. 1987)). To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been

different." ***Commonwealth v. Laird***, 119 A.3d 972, 978 (Pa. 2015) (citation omitted). The PCRA court may deny an ineffectiveness claim by showing that the claim fails any part of the three-part ***Pierce*** test. ***See Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa. Super. 2010) (citing ***Commonwealth v. Natividad***, 938 A.2d 310, 321–22 (Pa. 2007)).

Because Appellant failed to formulate a meaningful argument relating to his claim of ineffective assistance of counsel, we deem these challenges to be waived.[6] Appellant's other arguments relate predominantly to discretionary aspects of his sentence. A bald discretionary sentencing claim is not cognizable under the PCRA. ***Commonwealth v. Taylor***, 65 A.3d 462, 467 (Pa. Super 2013); ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1289 (Pa. Super. 2007) ("Requests for relief with respect to the discretionary aspects of sentence are not cognizable in PCRA proceedings.") (citation omitted). "[A]fter a defendant has entered a plea of guilty, the only cognizable issues in a post-conviction proceeding are the validity of the plea

---

[6] Specifically, Appellant claims that his due process rights were violated at sentencing by permitting testimony by his ex-girlfriend without affording him prior notice. ***See*** Appellant's Br. at 12-13. Second, he claims that the court abused its discretion by permitting evidence of aggravating circumstances. ***See id.*** at 12-15. Third, he maintains that the court abused its discretion in imposing "conditions" along with his sentence. ***See id.*** at 16-18. Fourth, he reiterates his displeasure with the evidence presented by the Commonwealth at his sentencing hearing regarding the alleged harassment. ***See id.*** at 19. Appellant claims that he was 'ambushed' at the hearing and claims his attorney's failure to provide him with copies of the evidence somehow affected his ability to file a direct appeal. ***See id.*** at 20.

of guilty and the legality of the sentence." ***Commonwealth v. Rounsley***, 717 A.2d 537, 538 (Pa. Super. 1998) (citing ***Commonwealth v. Martinez***, 539 A.2d 399 (Pa. Super. 1988)).

Appellant suggests that certain conditions added to his sentence were improper. ***See*** Appellant's Br. at 16-18 (referencing the court's requirements that Appellant refrain from any contact with his ex-girlfriend, either in person or through social media). This constitutes a challenge to the legality of his sentence. ***See Commonwealth v. Mears***, 972 A.2d 1210, 1211 (Pa. Super. 2009).

"[T]he Pennsylvania Board of Probation and Parole has exclusive authority to determine parole when the offender is sentenced to a maximum term of imprisonment of two or more years." ***Commonwealth v. Coulverson***, 34 A.3d 135, 141 (Pa. Super. 2011) (quoting ***Mears***, 972 A.2d at 1211); ***see*** 61 Pa.C.S. § 6132(a). Appellant was sentenced to two and one-half to five years of imprisonment. Thus, any conditions of parole imposed upon Appellant are subject to the "exclusive power" of the state parole board. ***Coulverson***, 34 A.3d at 141; ***Mears***, 972 A.2d at 1211 (citation omitted); ***see*** 61 Pa.C.S. §§ 6132(a) and 6134(b)(1), (2).

Here, the trial court lacked authority to impose conditions on Appellant's parole. ***See Coulverson***, 34 A.3d at 142. This Court has previously recognized such court-imposed conditions as "advisory only." ***Id.*** at 141-42 (citing ***Mears***, 972 A.2d at 1211). Nevertheless, as the court's

"no contact" condition encroaches upon the exclusive authority of the state parole board, we vacate that portion of Appellant's sentence. *See id.*

Finally, Appellant claims that the court erred in dismissing his PCRA petition without an evidentiary hearing. *See* Appellant's Br. at 21. There is no absolute right to an evidentiary hearing. *See Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super. 2008). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding there were no genuine issues of material fact and denying relief without an evidentiary hearing." *Springer*, 961 A.2d at 1264. Based upon our review of the record and the issues raised in Appellant's brief, there were no genuine issues of material fact that would require an evidentiary hearing. *Id.* Accordingly, the court did not err in denying Appellant's petition without a hearing.

For the reasons stated above, we affirm the part of the PCRA order that dismissed Appellant's PCRA petition without a hearing for failing to raise any issues of material fact. However, to the extent that the court denied relief on Appellant's illegal sentencing claim, we reverse that conclusion. Finding instead that the "no contact" conditions of Appellant's sentence are illegal, that portion of the sentence is vacated without remand in that the vacatur does not change the length of Appellant's incarceration. *Commonwealth v. Thur*, 906 A.2d 552, 570-71 (Pa. Super. 2006) (citing

*Commonwealth v. Robinson*, 817 A.2d 1153, 1163 n. 14 (Pa. Super. 2003).

PCRA order affirmed in part, reversed in part; judgment of sentence vacated in part.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/2017